```
                                                              FILED
                                                        U.S. DISTRICT COURT
              IN THE UNITED STATES DISTRICT COURT         AUGUSTA DIV.

            FOR THE SOUTHERN DISTRICT OF GEORGIA  MAY -8 PM 1:51

                        AUGUSTA DIVISION            CLERK  J. Burton
                                                          SO. DIST. OF GA.
```

JAMES W. CHRISTOPHER,                )
                                     )
      Plaintiff,                   )
                                     )
v.                                   )     CV 105-089
                                     )
FNU TINKER and BARBARA BROCK,        )
                                     )
      Defendants.                  )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, a *pro se* prisoner who is proceeding *in forma pauperis* ("IFP"), brought the captioned matter pursuant to 42 U.S.C. § 1983. The matter is before the Court on Defendants' motions for summary judgment (doc. no. 20) and to stay discovery. Doc. no. 24. Plaintiff opposes both motions. Doc. nos. 26-27, 29-30. For the reasons below, the Court **REPORTS** and **RECOMMENDS** that the motion for summary judgment be **GRANTED**, that Defendants' motion to stay be **DENIED as MOOT**, that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

I.    **BACKGROUND**

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, claims that Defendants were deliberately indifferent to his serious medical needs. See Doc. no. 1. Defendants argue that Plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and that, as a result, his case must be dismissed. See doc. no. 21. In support of these assertions, Defendants offer the affidavit of Ms. Sarah Draper, Manager of the Office of

Investigations and Compliance for the Georgia Department of Corrections, a copy of the Georgia Department of Corrections Standard Operating Procedure ("SOP") which governs the administrative remedies available to Georgia inmates, and Plaintiff's grievance records. See Defs.' Exs. A, B, C (attached to doc. no. 23). Before assessing Defendants' contention, it will be helpful to explain the administrative process available to inmates at ASMP.

### A. Inmate Grievance Procedure at ASMP

Inmate grievance procedures at ASMP are governed by SOP IIB05-0001. See Defs.' Ex. B. Under SOP IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. SOP IIB05-0001 § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the

2

formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id.

### B.     Plaintiff's Utilization of that Procedure

As the documents provided by Defendants demonstrate, Plaintiff filed Formal Grievance #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 regarding his complaint (improper treatment of his kidney dialysis) on March 27, 2005. Draper Aff., ¶ 12; see also Defs.' Ex. C. The Warden denied the grievance on April 6, 2005, and Plaintiff appealed. Draper Aff., ¶ 12; Defs.'s Ex. C. Before the Commissioner's Office issued its response to the appeal, Plaintiff executed the instant complaint on May 19, 2005, which was filed with the Court on June 6, 2005. Doc. no. 1, p. 14. On July 7, 2005, the Commissioner's Office denied Plaintiff's appeal. Draper Aff., ¶ 12, Defs.' Ex. C.

Having clarified the factual background of the case, the Court turns to the merits of the motions for summary judgment.

## II.    DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Applicable substantive law identifies which facts are material in a given case.[1] <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the <u>movant</u>, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the <u>non-moving</u> party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. <u>Clark</u>, 929 F.2d at 606-08 (explaining <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970) and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. <u>Clark</u>, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. <u>Adickes</u>, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." <u>Clark</u>, 929 F.2d at 608. The non-moving party cannot carry its burden

---

[1] The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." <u>McCormick v. City of Fort Lauderdale</u>, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

4

by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. Plaintiff's Failure to Exhaust Administrative Remedies

The exhaustion of administrative remedies is a prerequisite to filing suit under the PLRA. See 42 U.S.C. § 1997e(a) ("No action shall be *brought* . . . by a prisoner . . . *until* such administrative remedies as are available are exhausted.")(emphasis added). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Furthermore, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Simply put, if an administrative remedy is "available," it must be exhausted. 42 U.S.C. § 1997e(a). Of particular import in this case, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000)(*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

Here, it is undisputed that Plaintiff initiated suit before the Commissioner's Office denied his appeal. Thus, Plaintiff failed to exhaust administrative remedies before filing suit as required by the PLRA. In response to Defendants' motion, Plaintiff argues that his suit

should be deemed "brought" on the date the Court screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and ordered that service of process be effected upon Defendants, or else on the date he paid the partial initial filing fee assessed by the Court pursuant to 28 U.S.C. §1915(b). See doc. no. 30, p. 2.

The Court rejects these arguments. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; see also Loc. R. 4.1 (Clerk directed to file a civil action upon presentation of complaint and filing fee or petition to proceed IFP); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000) (*en banc*) ("'brought' means 'commenced'"). In sum, because Plaintiff failed to exhaust administrative remedies prior to filing suit, Defendants are entitled to summary judgment, and the instant suit should be dismissed without prejudice. See, e.g., Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998) (affirming dismissal without prejudice in the absence of any "apparent barriers" to refiling after administrative remedies are exhausted); see also Brown v. Hobbs, No. 03-14966, slip op. at 3 (11th Cir. Mar. 11, 2004) (affirming grant of summary judgment and dismissal of prisoner claims without prejudice based on failure to exhaust administrative remedies).

Of course, it is conceivable that Plaintiff may argue that, now that he has exhausted administrative remedies, it would be inappropriate to dismiss the instant suit only to force him to refile his complaint. Unfortunately for Plaintiff, the Court must reject any such argument. First, such an argument would ignore the above-quoted language of § 1997e(a). See Cox v. Mayer, 332 F.3d 422, 425 (6th Cir. 2003). In Cox, the prisoner plaintiff was released from custody while his lawsuit was pending. Id. at 424. Cox argued that his failure to exhaust administrative remedies prior to filing suit could be excused because his release

would make the PLRA inapplicable to a refiled action, and it would be pointless to require him to "reinitiate" suit. Id. at 425. The Sixth Circuit rejected the argument as barred by the PLRA's "unambiguous" language. Id. Secondly, the Sixth Circuit reasoned that excusing the failure to exhaust would give prisoners near the end of their sentence a perverse incentive to "eschew" the administrative process. Id. at 427.

The instant case is analogous. Allowing a prisoner to proceed with his complaint because he exhausts administrative remedies after the fact would contravene the plain language of § 1997e(a) and eviscerate the exhaustion requirement. See Freeman v. Francis 196 F.3d 641, 645 (6th Cir. 1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); see also Perez v. Wisc. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999)(explaining that district court should dismiss case "even if the prisoner exhausts intra-prison remedies before judgment"). Simply put, the instant case should be dismissed.

### III.  CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion for summary judgment (doc. no. 20) be **GRANTED**, that Defendants' motion to stay (doc. no. 24) be **DENIED** as **MOOT**, that Plaintiff's case be **DISMISSED** without prejudice for failure to exhaust administrative remedies, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of May, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE